1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, Inc.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   CHRISTINE ELIZABETH SCHMIDT
6

7
                **IN THE UNITED STATES DISTRICT COURT**
8                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                   **OAKLAND/SAN FRANCISCO DIVISION**
9

10  CHRISTINE ELIZABETH SCHMIDT,          Case No.:  C V 10- 01924  JL

11                     Plaintiff,          **COMPLAINT**

12      v.
                                          **DEMAND FOR JURY TRIAL**
13  FINANCIAL RECOVERY ALLIANCE,
    INC., a California corporation; ARACELY   15 United States Code § 1692 *et seq.*
14  NAVA, A/K/A ARACELY N. MAXWELL,          California Civil Code § 1788 *et seq.*
    A/K/A ARACELY N. OLMEDO, A/K/A           Invasion of Privacy
15  ARACELY MEDINA, individually and in her
    official capacity; CAROLINA SALINAS
16  NAVA, individually and in her official
    capacity; NELSON & KENNARD, a general
17  partnership; and ROBERT SCOTT
    KENNARD, individually and in his official
18  capacity;

19
                       Defendants.
20

21      Plaintiff, CHRISTINE ELIZABETH SCHMIDT, based on information and belief and

22  investigation of counsel, except for those allegations which pertain to the named Plaintiff or her

23  attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

24
                              **I. INTRODUCTION**
25

26      1.  This is an action for actual damages, statutory damages, attorney fees and costs

27  brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act,

28  15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act,

                                    - 1 -

California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff also seeks actual damages and punitive damages for Defendants' invasion of her privacy by intrusion upon seclusion. Plaintiff suffered emotional distress as a direct and proximate result of Defendants' unlawful acts, including, anxiety, embarrassment, humiliation, anger, fear, worry, nausea and sleeplessness.

2. According to 15 U.S.C. § 1692:

a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

/ / /

3.     The California Legislature has found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.    Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II.  JURISDICTION

4.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III.  VENUE

6.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

7.     This lawsuit should be assigned to the Oakland/San Francisco Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Alameda County.

## V.  PARTIES

8.     Plaintiff, CHRISTINE ELIZABETH SCHMIDT (hereinafter "Plaintiff"), is a natural person residing in Alameda County, California.  Plaintiff is a "consumer" within the meaning of

---

[1] Cal. Civil Code § 1788.1(a)(1).

1  15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

2        9.    Defendant, FINANCIAL RECOVERY ALLIANCE, INC. (hereinafter "FRA"), is a

3  California corporation engaged in the business of collecting debts in this state with its principal place of

4  business located at: 529 Sunset Avenue, Suite C-3, Fair Oaks, Sacramento County, California 95628.

5  FRA may be served as follows: Financial Recovery Alliance, Inc., c/o Aracely Nava, Agent for Service

6  of Process, 8223 Blue Oak Way, Citrus Heights, California 95610. The principal purpose of FRA is

7  the collection of debts using the mails and telephone, and FRA regularly attempts to collect debts

8  alleged to be originally due another. FRA is a "debt collector" within the meaning of 15 U.S.C. §

9  1692a(6) and Cal. Civil Code § 1788.2(c).

10

11

12        10.    Defendant, ARACELY NAVA, A/K/A ARACELY N. MAXWELL, A/K/A

13  ARACELY N. OLMEDO, A/K/A ARACELY MEDINA (hereinafter "ARACELY NAVA"), is a

14  natural person and is or was an employee, agent, officer and/or director of FRA at all relevant times.

15  ARACELY NAVA may be served at her current business address at: Aracely Nava, Financial Recovery

16  Alliance, Inc., 529 Sunset Avenue, Suite C-3, Fair Oaks, California 95628 and at her residence address

17  at: Aracely Nava, 8223 Blue Oak Way, Citrus Heights, California 95610. ARACELY NAVA is a

18  "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff

19

20  is informed and believes, and thereon alleges that ARACELY NAVA is liable for the acts of FRA

21  because she sets and approves FRA collection policies, practices, procedures and she directed and

22  ratified the unlawful activities described herein.

23

24        11.    Defendant, CAROLINA SALINAS NAVA (hereinafter "CAROLINA NAVA"),

25  is a natural person and, on information and belief, is or was an employee, agent, officer and/or director

26  of FRA at all relevant times. CAROLINA NAVA may be served at her current business address at:

27  Carolina Salinas Nava, Financial Recovery Alliance, Inc., 529 Sunset Avenue, Suite C-3, Fair Oaks,

28

California 95628 and at her residence address at: Carolina Salinas Nava, 12255 Van Owen Street, North Hollywood, California 91605. Plaintiff is informed and believes, and thereon alleges that CAROLINA NAVA is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that CAROLINA NAVA is liable for the acts of FRA because she sets and approves FRA collection policies, practices, procedures and she directed and ratified the unlawful activities described herein.

12. Plaintiff is informed and believes, and thereon alleges that Defendant, NELSON & KENNARD (hereinafter "N&K"), is or was at all relevant times, a general partnership engaged in the business of collecting debts in this state with its principal place of business located at: 2180 Harvard Street, Suite 160, Sacramento, California 95815-3314. N&K may be served as follows: Nelson & Kennard, c/o Donald Gordon Nelson, General Partner, 2180 Harvard Street, Suite 160, Sacramento, California 95815-3314 and Nelson & Kennard, c/o Robert Scott Kennard, General Partner, 2180 Harvard Street, Suite 160, Sacramento, California 95815-3314. The principal business of N&K is the collection of debts using the mails and telephone, and N&K regularly attempts to collect debts alleged to be due another. N&K is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

13. Defendant, ROBERT SCOTT KENNARD (hereinafter "KENNARD"), is a natural person and licensed attorney in the state of California. KENNARD may be served at his current business address at: Robert Scott Kennard, Nelson & Kennard, 2180 Harvard Street, Suite 160, Sacramento, California 95815-3314. KENNARD is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

14. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency,

1  service, employment and/or joint venture. Any reference hereafter to "Defendants" without further

2  qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

### VI. FACTUAL ALLEGATIONS

15. On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by Chase Manhattan Bank (USA), N.A. (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

16. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was sold, assigned or otherwise transferred to Defendants for collection from Plaintiff.

17. On or about December 18, 2009, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Alameda County captioned *Financial Recovery Alliance v. Christine E. Schmidt, et al.*, Case No. RG09489911 (hereinafter the "*Financial Recovery v. Schmidt* complaint"), which sought to collect $4,985.39 in damages and pre-judgment interest from August 15, 2006, and attorney's fees according to proof.

18. A true and accurate copy of the *Financial Recovery v. Schmidt* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

19. The *Financial Recovery v. Schmidt* complaint (Exhibit "1") stated as follows:

On or before *(dates)*: 8/15/06 defendant breached the agreement by the following acts *(specify)*: Defendants failed to make the monthly installments due pursuant to the terms of the agreement.

20. The *Financial Recovery v. Schmidt* complaint (Exhibit "1") contains a Verification at page 5 which states in relevant part as follows:

- 6 -
COMPLAINT

1    I, ROBERT SCOTT KENNARD, declare:

2    I am an attorney at law duly admitted and licensed to practice before all courts of the
3    State of California and I have my professional office at 2180 Harvard Street, Suite 160,
     Sacramento, Sacramento County, California.

4
     I am the attorney of record for Plaintiff in the above entitled matter.
5

6    Said Plaintiff is absent from the county in which I have my office and for that reason I
     am making this verification on their behalf.

7
     I have read the foregoing documents and know the contents thereof.
8
                                         . . .
9    I declare under penalty of perjury of the laws of the State of California that the foregoing
     is true and correct.

10
            21.    Plaintiff is informed and believes, and thereon alleges, that the Verification
11

12   attached to the *Financial Recovery v. Schmidt* complaint (Exhibit "1") as page 5 contains materially

13   false and misleading representations which were intended to deceive the Superior Court of California

14   and Plaintiff.

15          22.    The *Financial Recovery v. Schmidt* complaint and Verification (Exhibit "1") bears

16   the signature of Defendant, KENNARD.
17

18          23.    The *Financial Recovery v. Schmidt* complaint and Verification (Exhibit "1")

19   represented or implied that Plaintiff's account had been reviewed by KENNARD.

20          24.    Plaintiff is informed and believes, and thereon alleges, that KENNARD did not

21   conduct a professional review of Plaintiff's account before signing and filing the *Financial Recovery v.*

22   *Schmidt* complaint and Verification (Exhibit "1") and sending it to the Plaintiff.  *See Clomon v.*
23
     *Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).
24

25          25.    Plaintiff is informed and believes, and thereon alleges, that the *Financial*

26   *Recovery v. Schmidt* complaint and Verification (Exhibit "1") misrepresented the role and involvement

27   of legal counsel.

28

26. Plaintiff is informed and believes, and thereon alleges, that the *Financial Recovery v. Schmidt* complaint and Verification (Exhibit "1") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

27. Thereafter, Defendants sent a written request for information (Exhibit "2") to a third-parties employed or associated with Panache on College, in an attempt to acquire employment information regarding the Plaintiff.

28. At no time was Plaintiff employed by Panache on College.

29. A true and accurate copy of the written request for information from Defendants to third-parties employed or associated with Panache on College, is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

30. The written request for information (Exhibit "2") is dated February 25, 2010.

31. The written request for information (Exhibit "2") was sent on letterhead which provides the full name of Defendant, Financial Recovery Alliance, Inc.

32. The written request for information (Exhibit "2") prominently displays Plaintiff's full and unredacted Social Security number.

33. The written request for information (Exhibit "2") sought information regarding Plaintiff other than location information.

34. Chase Manhattan Bank (USA), N.A., was at all relevant times, a national banking association with its principal offices located at: 200 White Clay Center Drive, Newark, Delaware 19711.

35. Plaintiff is informed and believes, and thereon alleges, that the Visa Credit Agreement between Plaintiff and Chase Manhattan Bank (USA), N.A., states in relevant part as follows:

**Law That Applies.** The laws of the United States of America and the State of Delaware apply to this Agreement and to your use of your Card, your Checks, and your Account.

36.     The Delaware statute of limitations for breach of a credit card agreement is three years.  See, 10 Del. Code § 8106; *Resurgence Financial, LLC v. Chambers*, 173 Cal. App. 4th Supp. 1 (Cal. Super. Ct. 2009).

37.     Defendants' claims against Plaintiff accrued more than three years prior to the filing of the *Financial Recovery v. Schmidt* complaint (Exhibit "1").  See, e.g., *McCollough v. Johnson, Rodenberg & Lauinger*, 610 F. Supp. 2d 1247 (D. Mont. 2009); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 393 (D. Del. 1991); *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1489 (M.D. Ala. 1987).

38.     Plaintiff is informed and believes, and thereon alleges, that Defendants misrepresented the character, amount and legal status of the debt.

39.     Plaintiff is informed and believes, and thereon alleges, that Defendants attempted to collect a debt that was barred by the applicable statute of limitations.

40.     Plaintiff is informed and believes, and thereon alleges, that Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law.

41.     Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California in the one year preceding the filing of this Complaint.  Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

/ / /

/ / /

/ / /

1

## VII. CLAIMS

2

### FAIR DEBT COLLECTION PRACTICES ACT
### (Against All Defendants)

3

4      42.    Plaintiff brings the first claim for relief against all Defendants under the Fair Debt

5    Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

6      43.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

7
8    herein.

9      44.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

10    1692a(3).

11      45.    Defendant, FRA, is a "debt collector" as that term is defined by the FDCPA, 15

12    U.S.C. § 1692a(6).

13      46.    Defendant, ARACELY NAVA, is a "debt collector" as that term is defined by the

14
15    FDCPA, 15 U.S.C. § 1692a(6).

16      47.    Defendant, CAROLINA NAVA, is a "debt collector" as that term is defined by

17    the FDCPA, 15 U.S.C. § 1692a(6).

18      48.    Defendant, N&K, is a "debt collector" as that term is defined by the FDCPA, 15

19    U.S.C. § 1692a(6).
20
21      49.    Defendant, KENNARD, is a "debt collector" as that term is defined by the

22    FDCPA, 15 U.S.C. § 1692a(6).

23      50.    The financial obligation owed by Plaintiff is a "debt" as that term is defined by the

24    FDCPA, 15 U.S.C. § 1692a(5).

25      51.    Defendants have violated the FDCPA. The violations include, but are not limited

26
27    to, the following:

28      a.    Defendants communicated with third parties, in violation of 15 U.S.C. §

1692b;

    b.    Defendants communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b);

    c.    Defendants' communication with third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d;

    d.    Defendants' disclosure and publication of Plaintiff's unredacted Social Security number to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Cross-Complainant, in violation of 15 U.S.C. § 1692d;

    e.    Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    f.    Defendants misrepresented the character or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    g.    Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the debt, in violation of 15 U.S.C. § 1692e(2)(B);

    h.    Defendants falsely represented or implied that attorney KENNARD had reviewed Plaintiff's account when KENNARD had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

    i.    Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

    j.    Defendants misrepresented the true source or nature of the communication,

in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

     k.    Defendants attempted to collect a time-barred debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

     l.    Defendants attempted to collect a debt that is barred by the applicable statute of limitations, in violation of 15 U.S.C. §§ 1692d, 1692e and 1692f;

     m.    Defendants' disclosure and publication of Plaintiff's unredacted Social Security number to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C. § 1692f;

     n.    Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1); and

     o.    Defendants' communication with third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C. §§ 1692f and 1692f(8).

     52.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

     53.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (Against All Defendants, Except N&K and KENNARD)

     54.    Plaintiff brings the second claim for relief against all Defendants except Defendants, N&K and KENNARD, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

1    55.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

2    herein.

3    56.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §

4    1788.2(h).

5

6    57.    Defendant, FRA, is a "debt collector" as that term is defined by the RFDCPA, Cal.

7    Civil Code § 1788.2(c).

8    58.    Defendant, ARACELY NAVA, is a "debt collector" as that term is defined by the

9    RFDCPA, Cal. Civil Code § 1788.2(c).

10   59.    Defendant, CAROLINA NAVA, is a "debt collector" as that term is defined by

11   the RFDCPA, Cal. Civil Code § 1788.2(c).

12

13   60.    The financial obligation owed by Plaintiff is a "consumer debt" as that term is

14   defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

15   61.    Defendants have violated the RFDCPA. The violations include, but are not

16   limited to, the following:

17

18       a.    Defendants communicated with third parties, in violation of Cal. Civil Code

19   §§ 1788.12(a) and 1788.17;[2]

20       b.    Defendants communicated with third parties in connection with the

21   collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a

22   court of competent jurisdiction, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[3]

23

24       c.    Defendants' communication with third parties in connection with the

25   collection of a debt from Plaintiff is conduct the natural consequence of which is to harass,

26   oppress or abuse Plaintiff, in violation of Cal. Civil Code §§ 1788.12(a) and 1788.17;[4]

27
─────────────
[2] 15 U.S.C. § 1692b.
28   [3] 15 U.S.C. § 1692c(b).
[4] 15 U.S.C. § 1692d.

d.    Defendants' disclosure and publication of Plaintiff's unredacted Social Security number to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of Cal. Civil Code § 1788.17;[5]

e.    Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[6]

f.    Defendants misrepresented the character or legal status of the debt, in violation of Cal. Civil Code § 1788.17;[7]

g.    Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the debt, in violation of Cal. Civil Code § 1788.17;[8]

h.    Defendants falsely represented or implied that attorney KENNARD had reviewed Plaintiff's account when KENNARD had not done so, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[9]

i.    Defendants falsely represented the role and involvement of legal counsel, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[10]

j.    Defendants misrepresented the true source or nature of the communication, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[11]

k.    Defendants attempted to collect a time-barred debt from Plaintiff, an action that cannot lawfully be taken, in violation of Cal. Civil Code § 1788.17;[12]

l.    Defendants attempted to collect a debt that is barred by the applicable statute

---

[5] 15 U.S.C. § 1692d.
[6] 15 U.S.C. §§ 1692e and 1692e(10).
[7] 15 U.S.C. § 1692e(2)(A).
[8] 15 U.S.C. § 1692e(2)(B).
[9] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[10] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[11] 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).
[12] 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

1  of limitations, in violation of Cal. Civil Code § 1788.17;[13]

2          m.    Defendants' disclosure and publication of Plaintiff's unredacted Social

3  Security number to third parties in connection with the collection of a debt from Plaintiff is

4  unfair or unconscionable, in violation of Cal. Civil Code § 1788.17;[14]

5

6          n.    Defendants attempted to collect interest, fees or other charges from Plaintiff

7  that were not expressly authorized by the agreement creating the debt or otherwise permitted by

8  law, in violation of Cal. Civil Code § 1788.17;[15] and

9          o.    Defendants' communication with third parties in connection with the

10  collection of a debt from Plaintiff is unfair or unconscionable, in violation of Cal. Civil Code §§

11  1788.12(a) and 1788.17.[16]

12

13      62.    Defendants' acts as described above were done willfully and knowingly with the

14  purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

15      63.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an

16  award of her actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code §

17

18  1788.30(a).

19      64.    As a result of Defendants' willful and knowing violations of the RFDCPA,

20  Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars

21  ($100) nor greater than one thousand dollars ($1,000), against each Defendant, pursuant to Cal. Civil

22  Code § 1788.30(b).

23

24      65.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an

25  award of statutory damages in an amount not exceeding $1,000, against each Defendant, pursuant to

26

27  [13] 15 U.S.C. §§ 1692d, 1692e and 1692f.
   [14] 15 U.S.C. § 1692f.

28  [15] 15 U.S.C. § 1692f(1).
   [16] 15 U.S.C. §§ 1692f and 1692f(8).

1  Cal. Civil Code § 1788.17.[17]

2      66.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an

3
   award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and
4
   1788.17.[18]
5

6      67.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA

7  are intended to be cumulative and in addition to any other procedures, rights or remedies that the

8  Plaintiff may have under any other provision of law.

9                    **INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**
10                       **(Against All Defendants, Except N&K and KENNARD)**

11      68.    Plaintiff brings the third claim for relief against all Defendants except Defendants,

12  N&K and KENNARD, for common law Invasion of Privacy by Intrusion Upon Seclusion.

13      69.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth
14
15  herein.

16      70.    Plaintiff had a reasonable expectation of privacy in her solitude, seclusion and

17  private concerns or affairs.

18      71.    Defendants intentionally intruded and invaded into Plaintiff's private affairs by:
19
                a.    communicating with third-parties;
20
21              b.    disclosing to third-parties that Defendants were attempting to collect a debt

22  from Plaintiff;

23              c.    disclosing Plaintiff's unredacted Social Security number to third-parties; and

24              d.    interrogating third-parties for Plaintiff's personal and employment
25
   information.
26

27      72.    Defendants' intrusions and invasions of Plaintiff's privacy were done in an

28  [17] 15 U.S.C.§ 1692k(a)(2)(A).
    [18] 15 U.S.C.§ 1692k(a)(3).

1 | attempt to embarrass, shame and humiliate Plaintiff into paying the debt.

2 | 73. These intrusions and invasions of Plaintiff's privacy by Defendants occurred in a

3 | way that would be highly offensive to a reasonable person in Plaintiff's position.

4 | 74. Defendants intentionally caused harm to Plaintiff's emotional well being by

5 | engaging in highly offensive conduct in the course of collecting the debt thereby invading and intruding

6 | upon Plaintiff's right to privacy, solitude and seclusion.

7 | 

8 | 75. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

9 | 76. Plaintiff has been harmed by Defendants' invasion of privacy and has been

10 | damaged as a result of the invasion of privacy by Defendants, including but not limited to: emotional

11 | distress, loss of sleep, loss of enjoyment of life, humiliation, stress, nausea, lack of concentration,

12 | anxiety and embarrassment by such invasions of her privacy by these Defendants.

13 | 

14 | 77. As a result of such invasions of privacy, Plaintiff is entitled to actual damages and

15 | punitive damages in an amount to be determined at trial.

16 | 78. Plaintiff is informed and believes, and thereon alleges that Defendants were guilty

17 | of malice, fraud or oppression, as defined in Cal. Civil Code § 3294, and where appropriate Plaintiff

18 | should therefore recover, in addition to actual damages, damages to make an example of and punish

19 | Defendants.

**PUNITIVE DAMAGES**

79. Plaintiff is informed and believes, and thereon alleges that Defendants' conduct was fraudulent, malicious, despicable and oppressive and was intended to harm Plaintiff.

80. Plaintiff is informed and believes, and thereon alleges that an officer, director or managing agent of the Defendants authorized, approved and ratified Defendants' wrongful and unlawful acts described herein.

81.   Defendants are liable for reasonable punitive damages in an amount sufficient to punish and educate Defendants and to educate other businesses engaged in similar activities that the courts and juries of California will not tolerate such conduct in California.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)   Assume jurisdiction in this proceeding;

b)   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b, 1692c(b), 1692d, 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(3), 1692e(5), 1692e(10), 1692d, 1692f and 1692f(1);

c)   Declare that all Defendants, except N&K and KENNARD, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.12(a), 1788.13(i), 1788.16 and 1788.17;

d)   Award Plaintiff her actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e)   Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f)   Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, against each Defendant except N&K and KENNARD, pursuant to Cal. Civil Code § 1788.30(b);

g)   Award Plaintiff statutory damages in an amount not exceeding $1,000, against each Defendant except N&K and KENNARD, pursuant to Cal. Civil Code § 1788.17;[19]

a)   Award Plaintiff actual damages and punitive damages in an amount to be determined at trial for Defendants' invasions of Plaintiff's privacy;

---

[19]   15 U.S.C. § 1692k(a)(2)(A).

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[20] and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
CHRISTINE ELIZABETH SCHMIDT

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHRISTINE ELIZABETH SCHMIDT, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

---

[20] 15 U.S.C. § 1692k(a)(3).

- 19 -
COMPLAINT

*B125443*

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):*
Robert Scott Kennard, S.B.N. 117017
NELSON & KENNARD          File No. 09-05138-0
2180 Harvard Street, Ste. 160   (95815)
P.O. Box 13807
Sacramento, CA 95853
**TELEPHONE NO:** (916) 920-2295          **FAX NO** *(Optional):*
**E-MAIL ADDRESS** *(Optional):*
**ATTORNEY FOR** *(Name):*  FINANCIAL RECOVERY ALLIANCE

FOR COURT USE ONLY

# FILED
## ALAMEDA COUNTY

### DEC 1 8 2009

CLERK OF THE SUPERIOR COURT
By _____
Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
**STREET ADDRESS:** 1225 Fallon Street, Rm. 109
**MAILING ADDRESS:**
**CITY AND ZIP CODE:** Oakland, CA 94612-4293
**BRANCH NAME:** RENE C. DAVIDSON COURTHOUSE

**PLAINTIFF:** FINANCIAL RECOVERY ALLIANCE

**DEFENDANT:** Christine E. Schmidt ,

[ X ] DOES 1 TO __10__

## CONTRACT

| [X] COMPLAINT | [ ] AMENDED COMPLAINT *(Number):* |
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT *(Number):* |

**Jurisdiction** *(check all that apply):*
[X] ACTION IS A LIMITED CIVIL CASE
   Amount demanded  [ X ] does not exceed $10,000
               [ ] exceeds $10,000, but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

**CASE NUMBER:**

RG 0 9 4 8 9 9 1 1

1. **Plaintiff** *(name or names):*  FINANCIAL RECOVERY ALLIANCE
   alleges causes of action against **Defendant** *(name or names):*  Christine E. Schmidt ,
2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. a. Each plaintiff named above is a competent adult
    [ X ] **except plaintiff** *(name):* FINANCIAL RECOVERY ALLIANCE
        [ ] a corporation qualified to do business in California
        [ ] an unincorporated entity *(describe):*
        [X] other *(specify):* A corporation or limited liability company
   b. [ ] Plaintiff *(name):*
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*
      b. [ ] has complied with all licensing requirements as a licensed *(specify):*
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
    [ ] **except defendant** *(name):*
        (1) [ ] a business organization, form unknown
        (2) [ ] a corporation
        (3) [ ] an unincorporated entity *(describe):*

        (4) [ ] a public entity *(describe):*

        (5) [ ] other *(specify):*

    [ ] **except defendant** *(name):*
        (1) [ ] a business organization, form unknown
        (2) [ ] a corporation
        (3) [ ] an unincorporated entity *(describe):*

        (4) [ ] a public entity *(describe):*

        (5) [ ] other *(specify):*

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.*      Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINTXContract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov


**EXHIBIT**
**1**

| SHORT TITLE:<br>FINANCIAL RECOVERY ALLIANCE v. Christine E. Schmidt, et al. | CASE NUMBER: |
| --- | --- |

**4.** *(Continued)*

    b. The true names of defendants sued as Does are unknown to plaintiff.

        (1) [ X ] Doe defendants *(specify Doe numbers)*: _____ 1 – 5 were the agents or employees of the named Defendants and acted within the scope of that agency or employment.

        (2) [ X ] Doe defendants *(specify Doe numbers)*: _____ 6 – 10 are persons whose capacities are unknown to Plaintiff.

    c. [ ] Information about additional defendants who are not natural persons is contained in Attachment 4c.

    d. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

**5.** [ ] Plaintiff is required to comply with a claims statute, and

    a. [ ] plaintiff has complied with applicable claims statutes, or

    b. [ ] plaintiff is excused from complying because *(specify)*:

**6.** [ ] This action is subject to [ ] Civil Code section 1812.10 [ ] Civil Code section 2984.4.

**7.** This court is the proper court because

    a. [ ] a defendant entered into the contract here.

    b. [ ] a defendant lived here when the contract was entered into.

    c. [ X ] a defendant lives here now.

    d. [ ] the contract was to be performed here.

    e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.

    f. [ ] real property that is the subject of this action is located here.

    g. [ ] other *(specify)*:

**8.** The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

    [ X ] Breach of Contract

    [ X ] Common Counts

    [ ] Other *(specify)*:

**9.** [ X ] Other allegations:  For good and valuable consideration, the account which is the subject of this action was purchased by Plaintiff, who is now the lawful owner and holder thereof.

Prior to commencement of this action, the Defendants were informed in writing that if an action were commenced, the Plaintiff may recover its reasonable attorney's fees and court costs, where allowed by law, in addition to the principal and interest otherwise owed.

**10. PLAINTIFF PRAYS** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a. [ X ] damages of $ 4,985.39

    b. [ X ] interest on the damages

        (1) [ ] according to proof

        (2) [ X ] at the rate of *(specify)*: 10.000 percent per year from *(date)*: 8/15/06

    c. [ X ] attorney fees pursuant to <u>Civil Code Section 1717.</u>

        (1) [ ] of $

        (2) [ X ] according to proof.

    d. [ ] other *(specify)*:

**11.** [ ] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)*:

Dated: December 3, 2009

      ROBERT SCOTT KENNARD

| | |
| --- | --- |
| (Type or print name) | (Signature of plaintiff or attorney) |

*(If you wish to verify this pleading, affix a verification.)*

**COMPLAINT – Contract**

| SHORT TITLE:<br>FINANCIAL RECOVERY ALLIANCE v. Christine E. Schmidt, et al. | CASE NUMBER: |
| --- | --- |

## _____FIRST_____ CAUSE OF ACTION X Breach of Contract
(number)

ATTACHMENT TO  [ X ] Complaint  [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*: FINANCIAL RECOVERY ALLIANCE .

alleges that on or about *(date)*: 9/29/02
a  [ X ] written  [ ] oral  [ ] other *(specify)*:
agreement was made between *(name parties to agreement)*: Plaintiff's assignor, CHASE MANHATTAN BANK USA NA, and Defendant(s) Christine E. Schmidt  ;
    [ X ] A copy of the agreement is attached as Exhibit 1 and
    [ X ] The essential terms of the agreement  [ ] are stated in Attachment BC-1  [ X ] are as follows *(specify)*:
     Defendant(s) agreed to be bound by the terms of the extension of credit and make minimum periodic payments of principal and interest in accordance with the terms thereof.

BC-2. On or before *(dates)*:  8/15/06
    defendant breached the agreement by  [ ] the acts specified in Attachment BC-2  [ X ] the following acts *(specify)*:
  Defendants failed to make the monthly installments due pursuant to the terms of the agreement.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
    [ ] as stated in Attachment BC-4  [ X ] as follows *(specify)*:
     Damages in the principal sum of $4,985.39 plus late charges, if any, together with interest thereon at the rate of 10.000% from 8/15/06.

BC-5. [ X ] Plaintiff is entitled to attorney fees by an agreement or a statute
    [ ] of $
    [ X ] according to proof **pursuant to <u>Civil Code Section 1717.</u>**

BC-6. [ ] Other:

Page <u>Three</u>

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION – Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

| SHORT TITLE:<br>FINANCIAL RECOVERY ALLIANCE v. Christine E. Schmidt, et al. | CASE NUMBER: |
|---|---|

## SECOND_____ CAUSE OF ACTIONXCommon Counts
(number)

ATTACHMENT TO [ X ] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*: FINANCIAL RECOVERY ALLIANCE

alleges that defendant *(name)*: Christine E. Schmidt ;
became indebted to [ ] plaintiff [ X ] other *(name)*: Plaintiff's assignor, CHASE MANHATTAN BANK USA NA

a. [ X ] within the last four years
    (1) [ X ] on an open book account for money due.
    (2) [ X ] because an account was stated in writing by and between plaintiff and defendant in which it
        was agreed that defendant was indebted to plaintiff.

b. [ X ] within the last [ ] two years [ X ] four years
(1) [ ] for money had and received by defendant for the use and benefit of plaintiff.
(2) [ ] for work, labor, services and materials rendered at the special instance and request of defendant
    and for which defendant promised to pay plaintiff
    [ ] the sum of $
    [ ] the reasonable value.
(3) [ X ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
    promised to pay plaintiff
    [ X ] the sum of $ 4,985.39
    [ ] the reasonable value.
(4) [ ] for money lent by plaintiff to defendant at defendant's request.
(5) [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and
    request.
(6) [ ] other *(specify)*:

CC-2. $ 4,985.39 which is the reasonable value, is due and unpaid despite plaintiff's demand,
    plus prejudgment interest [ ] according to proof [ X ] at the rate of 10.000 percent per year
    from *(date)*: 8/15/06

CC-3. [ X ] Plaintiff is entitled to attorney fees by an agreement or a statute
    [ ] of $
    [ X ] according to proof **pursuant to Civil Code Section 1717.**

CC.4. [ ] Other:

Page Four

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2009]
**CAUSE OF ACTION – Common Counts**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

## VERIFICATION

I, ROBERT SCOTT KENNARD, declare:

I am an attorney at law duly admitted and licensed to practice before all courts of the State of California and I have my professional office at 2180 Harvard Street, Ste. 160, Sacramento, Sacramento County, California.

I am the attorney of record for Plaintiff in the above entitled matter.

Said Plaintiff is absent from the county in which I have my office and for that reason I am making this verification on their behalf.

I have read the foregoing documents and know the contents thereof.

Venue lies properly with this court because Defendant either resides in this judicial district at the time this action is commenced or the contract was in fact signed by the Defendant in this judicial district.

As to all other matters, I am informed and believe that the matters stated therein are true, and on that ground, I allege that the matters stated therein are true.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed on __December 3, 2009___, at Sacramento, California.

_____
ROBERT SCOTT KENNARD



# FRA INC.

FINANCIAL RECOVERY ALLIANCE INC.

February 25, 2010

Human Resources
PANACHE ON COLLEGE
2928 College Ave
Berkeley, CA 94705
Attn: Human Resources

Attention: Human Resources
I am requesting the information below. Any information that you provide will be kept
confidential. If you have any questions, please contact our offices at (916) 863-1718.

Employee name: Christine Schmidt   Social Security Number: ███████

_____

Position with your company: _____

Employed from _____ to _____

Starting salary:   $ _____   Current salary:   $ _____

Pay dates: _____

All deductions i.e.:
(garnishments, child support
orders)                          _____

Home Address: _____

Home Phone _____ Cell Phone _____

7529 SUNSET AVE STE C-3
FAIR OAKS, CA 95628
PHONE: 916-863-1718   FAX: 916-863-1768

EXHIBIT
2



PITNEY BOWES

02 1P    $000.44⁰
0002814770  FEB 25 2010
MAILED FROM ZIP CODE 95608

Att: Human Resources
Panache On College

Berkeley, CA 94705

94705+2204

FRA, INC.
7529 SUNSET AVE STE C3
FAIR OAKS, CA 95628